UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 20-1932-SVW (KS)                                         Date: May 21, 2021

Title   _Tyiavory Jackson v. Arthur Blain et al_

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

|                Gay Roberson                |            N/A             |
|---------------------------------------------|----------------------------|
|                Deputy Clerk                 |  Court Reporter / Recorder |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:
              N/A                                      N/A

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On February 27, 2020, Plaintiff, a California state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint (the "Complaint") alleging that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the U.S. Constitution.  (Dkt. No. 1.)  The Court subsequently dismissed Plaintiff's claims against one defendant, Defendant Wu, with leave to amend (Dkt. No. 40) but Plaintiff elected not to file a First Amended Complaint.  Accordingly, on November 24, 2021, Defendants filed an Answer (Dkt. No. 41), and, on December 28, 2020, the Court issued its Case Management and Scheduling Order governing discovery and pretrial deadlines (Dkt. No. 42).

In the Court's December 28, 2020 case management order, the Court required the parties, *inter alia*, to file status reports no later than 120 days from the date of the order.  (Dkt. No. 42.)  Accordingly, Plaintiff's status report was due on or before April 27, 2021.  Defendants filed their status report on April 21, 2021 (Dkt. No. 43), indicating that Plaintiff had not propounded written discovery.  However, the Court has received no status report from Plaintiff concerning this case since the case management order was filed.  More than three weeks have now passed since Plaintiff's deadline for filing a status report.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss a civil action if the plaintiff "fails to prosecute or to comply with these rules or a court order." However, in the interests of justice, the Court elects not to dismiss this case, at this time, and instead Plaintiff is **ORDERED TO SHOW CAUSE on or before June 11, 2021** why the Court should not recommend dismissal for failure to prosecute and comply with court orders.

CV-90 (03/15)                         Civil Minutes – General                         Page **1** of **2**

**If Plaintiff wishes to proceed with this action, he may discharge this Order by filing a status report that complies with the Court's case management order.**[1] For Plaintiff's convenience, the Clerk is directed to send Plaintiff a copy of Defendants' April 21, 2021 status report (Dkt. No. 43).

Alternatively, if Plaintiff does not wish to pursue this action, he may file a document entitled "Notice Of Dismissal" pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

**Plaintiff is advised that his failure to timely comply with this order may result in the dismissal of his case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41-1.**

|  | : |
|---|---|
| **Initials of Preparer** | gr |

---

[1] The case management order states that the status report must contain the following information:
   (a) a summary of the proceedings to date and a statement of the principal issues raised by the case;
   (b) a statement informing the Court whether all parties have been served and, if not, a proposed deadline by which service will be completed;
   (c) a statement informing the Court whether other parties will be added or amended pleadings will be filed and, if so, a proposed deadline by which those steps will be taken;
   (d) a description of any discovery completed and a schedule for any future discovery;
   (e) a list of contemplated motions, if any, along with proposed dates for the filing and hearing of such motions;
   (f) an estimate of the time likely to be required for trial, and a statement as to whether trial by jury is desired and has been properly requested;
   (g) a description of any settlement negotiations that have occurred, and a recommendation as to the form of settlement conference or other method of alternative dispute resolution that would be most appropriate given the nature of this case; and
   (h) any suggestions the parties may wish to make regarding the management of this action.